IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No: 3:23-cv-352-RAH-SMD ) |
| CAPITAL ONE BANK, | ) ) |
| Defendant. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff David Powell ("Powell") filed a complaint in state court against Defendant Capital One Bank ("Capital One")[1] pertaining to the servicing of his credit card account. Compl. (Doc. 1-2). Powell asserts state-law claims for breach of contract and negligent misrepresentation. *Id*. pp. 5-6. Within his negligent misrepresentation claim, Powell also claims that Capital One violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. *Id*.

Based on Powell's allegations that Capital One violated the FCRA, Capital One removed the case to this Court based on federal question jurisdiction. Notice (Doc. 1). Capital One now moves to dismiss the complaint in its entirety. Mot. (Doc. 10). For the following reasons, the undersigned recommends that Capital One's motion to dismiss Powell's FCRA claim be granted and that Powell's remaining state-law claims be remanded to state court for further proceedings.

---

[1] In its motion to dismiss, Capital One states that it has been incorrectly identified in the complaint as Capital One Bank. Mot. (Doc. 10) p. 1. Capital One states that its correct identification is Capital One, N.A. *Id*.

**I.     FACTUAL ALLEGATIONS**

Powell has been a credit card customer with Capital One since 2008. Compl. (Doc. 1-2) p. 7. At some point, Powell became delinquent on his account. *See generally* Compl. (Doc. 1-2). In April 2022, after Powell requested assistance, Capital One reduced Powell's minimum payment due for the month to $0. *Id*. at 13. Capital One informed Powell that his next minimum payment would be due May 8, 2022, but that it would be "helpful to pay what [he] can because interest will be charged on [his] balance" until the new balance is paid in full. *Id*.

In December 2022, Powell sent a letter to Capital One stating that he was unable to make the minimum payment of $1,700. *Id*. at 10. This $1,700 payment included minimum payments from August and September 2022 that were deferred due to the COVID pandemic. *Id*. Capital One sent notices to Powell in February and March 2023 informing him that he had missed his previous fifth and sixth minimum payments. *Id*. at 11-12. The notices also warned Powell that Capital One would "be required to charge off [his] account . . . if no payment is made." *Id*. Both letters gave Powell the options of (1) making the full minimum payment, which would bring the account out of collections, or (2) making a lower payment that would not bring the account up to date but would prevent the account "from becoming more past due." *Id*. In response to these letters, Powell sent Capital One a "settlement offer" in which he requested that Capital One close his account as "paid in full in good standing" with the credit bureaus. *Id*. at 7. In April 2023, Capital One closed the account with a balance of $15,151. *Id*. at 9.

## II.     JURISDICTION

Federal courts have jurisdiction to hear two general types of cases: (1) cases that arise under federal law, 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Courts presume that causes of action "lie[ ] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[W]hen a plaintiff, particularly a pro se plaintiff, provides allegations sufficient for the court to conclude that an articulable federal statutory or constitutional question is being raised . . . , the court may not dismiss the case for lack of subject matter jurisdiction." *Ward v. Dynacare Labs., Inc.*, 2005 WL 8174853 n.7 (M.D. Ala. July 22, 2005).

If a federal court has original jurisdiction over a claim, the court may exercise its supplemental jurisdiction over state-law claims that "form part of the same case or controversy" as the federal claim. 28 U.S.C. § 1367. "The exercise of supplemental jurisdiction is discretionary." *Faulkner v. Ingram*, 2017 WL 3530153, at *1 (M.D. Ala. Aug. 16, 2017).

Here, Powell asserts state-law claims for breach of contract and negligent misrepresentation. The Court does not have original jurisdiction over those claims. However, Powell also clearly alleges on the face of his complaint that Capital One violated the FCRA, which is a federal statute. Compl. (Doc. 1-2) pp. 5-6. This Court has federal question jurisdiction over that claim. *See* 28 U.S.C. § 1331. And because Powell's state-law claims form part of the same case or controversy as his federal claim, this Court may exercise its supplemental jurisdiction over those claims.

### III.   MOTION TO DISMISS STANDARD

A court must dismiss a plaintiff's claims if, accepting the allegations as true, they fail to state facts that support a claim for relief. FED. R. CIV. P. 12(b)(6). In reviewing a complaint, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotations omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite

an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

IV. **ANALYSIS**

Powell alleges that Capital One violated the FCRA—namely 15 U.S.C. § 1681s-2(a)(7).[2] Compl. (Doc. 1-2) pp. 5-6. But as explained below, there is no private right of action under that provision of the FCRA; thus, Powell's claim, as construed, fails and should be dismissed without opportunity to amend. Further, because Powell's federal claim should be dismissed, this Court should decline to exercise supplemental jurisdiction over Powell's state-law claims and should remand them to state court for further proceedings.

A. **Powell Fails to State an FCRA Claim and Amendment is Futile**

The FCRA is a consumer protection act that imposes certain duties on credit reporting agencies ("CRAs") and entities that furnish information to CRAs. Under the FCRA, furnishers—including lenders like Capital One—are required, *inter alia*, to (1) report accurate information to CRAs regarding consumers, *see* 15 U.S.C. § 1681s-2(a); and (2) conduct investigations if they receive notice from a CRA that a consumer disputes their reported information, *see id.* § 1681s-2(b). Importantly, consumers have no private right of action against furnishers for reporting inaccurate information to CRAs regarding consumer accounts. *See id.* § 1681s-2(c)(1); *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) ("The FCRA, however, does not provide a private right of action to redress [ ]

---

[2] In the complaint, Powell cites to § 623 a7 of the FCRA, which is the citation to the public law. Compl. (Doc. 1-2) p. 6. Section 623 a7 corresponds to 15 U.S.C. § 1681s-2(a)(7).

5

a violation [of § 1681s-2(a).]"). Instead, the only private right of action consumers have against furnishers is for a failure-to-investigate violation under § 1681s-2(b). *See* § 1681s-2(c); *Green*, 288 F. App'x at 642 ("The FCRA does provide a private right of action for a violation of § 16812-2(b)[.]").

Here, Powell alleges that Capital One violated the FCRA "by falsely reporting late fees" and by charging exorbitant interest on his credit card account. Compl. (Doc. 1-2) pp. 5-6. He also contends that Capital One "refuse[d] payment from [his] debit card" in violation "of FCRA [§ 1681s-2(a)]." *Id*. at 6. But because Powell has no private right of action for a violation of § 1681s-2(a), he has not stated—nor can he state—a claim under § 1681s-2(a) of the FCRA. Thus, allowing amendment would be futile.

Further, Powell's complaint should not be construed as an attempt to assert a failure-to-investigate claim under § 1681s-2(b), for which a private right of action exists. Powell does not in any way assert that he contacted a CRA and disputed the completeness or accuracy of Capital One's report. Nor does he in any way assert that Capital One failed to investigate a dispute of his account after being contacted by a CRA. Thus, Powell's complaint should not be construed to assert a violation of § 1681s-2(b). And because Powell's allegations against Capital One do not in any way implicate a failure-to-investigate violation under which he has a private right of action, Powell should not be afforded an opportunity to amend his complaint to state such a claim.

  **B.**  **Powell's State-Law Claims Should Be Remanded to State Court**

If this Court finds that Powell has failed to state an FCRA claim and that amendment of his complaint is futile, this Court should decline to exercise its supplemental jurisdiction over Powell's remaining state-law claims and should instead remand them to state court.

"In determining whether to continue to exercise supplemental jurisdiction for state-law claims after all claims over which it has original jurisdiction have been dismissed, a district court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *May v. Boyd Bros. Transp., Inc.*, 241 F. App'x 646, 647 (11th Cir. 2007) (internal quotations omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Faulkner*, 2017 WL 3530153, at *1 ("The Eleventh Circuit also has encouraged district courts to invoke § 1367(c)(3) when the federal claims have been dismissed prior to trial.") (internal citation omitted). "If the district court [] decline[s] to exercise supplemental jurisdiction, [] [state-law] claims [should] be remanded to state court, rather than dismissed[.]" *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001); *see also May*, 241 F. App'x at 647 (finding that if a case is filed in state court and subsequently removed to federal court, "precedent dictates that the district court should [] remand[] the remaining claims to state court" after the federal claims are dismissed).

Here, Capital One asks this Court to exercise its supplemental jurisdiction over Powell's state-law claims and to dismiss them. Instead, as advised by the Eleventh Circuit, the Court should remand those claims to state court.[3]

## V. CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Powell's FCRA claim be DISMISSED for failure to state a claim and that he should not be an afforded an opportunity to amend his complaint because amendment is futile under the circumstances here. Further, it is the undersigned's

RECOMMENDATION that Powell's remaining state-law claims be REMANDED to state court for further proceedings. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before November 8, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

---

[3] Capital One's arguments pertaining to why Powell's state-law claims should be dismissed are well taken. However, considering Powell's pro se status, Powell's state-law claims should not be dismissed without first allowing him an opportunity to amend. But should Powell's FCRA claim be dismissed as recommended by the undersigned, allowing Powell to amend his state-law claims would require this Court to ultimately address purely state-law claims over which it does not have original jurisdiction. Comity, judicial economy, convenience, and fairness would not be promoted under those circumstances, thus further advising against the exercise of supplemental jurisdiction over the state-law claims.

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 25th day of October, 2023.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE